UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR | MISCELLANEOUS |
| VERSUS | NO. 15-mc-61-BAJ-RLB |
| LOUISIANA HEALTH SERVICES &<br>INDEMNITY COMPANY, d/b/a BLUE CROSS<br>BLUE SHIELD OF LOUISIANA | |

**ORDER**

This matter is before the court on the Petition to Enforce Administrative Subpoena *Duces Tecum* Issued by the Employee Benefits Security Administration (the "Petition") filed by Petitioner Thomas E. Perez, the Secretary of Labor, United States Department of Labor (the "Secretary") (R. Doc. 1) on July 14, 2015. As of the date of this Order, Respondent Louisiana Health Services & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA") has not filed an opposition to the Secretary's Petition.

**I.     Facts and Procedural Background**

The Secretary initiated this administrative subpoena enforcement action to compel BCBSLA to comply with an Administrative Subpoena *Duces Tecum* issued by the Regional Director of Employee Benefits Security Administration ("EBSA"), Region IV, of the United States Department of Labor, pursuant to the investigative authority set forth in the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134.

The Secretary, through EBSA's Southeastern Regional Office, is conducting an investigation of BCBSLA related to possible violations of the Health Insurance Portability & Accountability Act of 1996 and the Affordable Care Act. (R. Doc. 1 at 2-3). On January 5, 2015,

C. O'Brien - Certified Mail and USPS

the EBSA served the Subpoena on BCBSLA.  (R. Doc. 1-4).  The Subpoena requested BCBSLA's custodian of record to produce ten categories of information temporally restricted in scope to the period March 23, 2010 to the date of production. (R. Doc. 1-4 at 8-10).  The Subpoena requested production by January 30, 2015. (R. Doc. 1-4 at 3).  The Secretary represents that the "requested items are routinely sought by EBSA in investigations in order to evaluate an insurer's compliance with ERISA-covered plans." (R. Doc. 1 at 3).

On January 27, 2015, BCBSLA's counsel requested an extension to respond to the Subpoena, and EBSA Senior Investigator Charlene Morrow ("Investigator Morrow") granted an extension to February 23, 2015. (R. Doc. 1 at 4).  The Secretary represents that on February 27, 2015, BCBSLA produced "a limited production response" stating "that certain documents were taking more time to compile and would be produced on a rolling basis." (R. Doc. 1 at 4).  The Secretary further represents that after this production, various unsuccessful attempts to discuss the outstanding documents with counsel for Respondent were made by Investigator Morrow and the Secretary's counsel, on March 23, 2015, April 8, 2015, April 10, 2015, April 15, 2015, April 30, 2015, May 1, 2015, and May 4, 2015.  (R. Doc. 1 at 4-5).

On July 14, 2015, the Secretary filed the instant Petition. (R. Doc. 1).  The Secretary represents that Respondent "failed to raise any objections to the Subpoena" prior to the filing of the Petition. (R. Doc. 1-1 at 8).  In support of the representations made in its Petition and supporting memorandum, the Secretary has submitted declarations by Inspector Morrow (R. Doc. 1-2) and the Secretary's counsel (R. Doc. 1-3).

On July 23, 2015, the court ordered the Secretary to serve a copy of the Petition upon Respondent by August 1, 2015, and to file proof of service in the record. (R. Doc. 2).

On August 4, 2015, Petitioner filed a notice of filing waiver of service. (R. Doc. 4). The attached waiver of service provides that on or before July 30, 2015, counsel for Respondent received a copy of the Petition and supporting exhibits. (R. Doc. 4-1).

On August 27, 2015, the court ordered BCBSLA to file an appropriate response to the Petition, or otherwise show cause why the relief sought by Petitioner should not be granted, no later than September 10, 2015.

As BCBSLA has not filed a response as of the date of this Order, the Petition is deemed to be unopposed.

## II.   Law and Analysis

### A.   Enforcement of the Subpoena

In addition to being unopposed, the undersigned finds that that to the extent it seeks an order enforcing the Subpoena, the Petition has merit. A district court must enforce an administrative subpoena "[a]s long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant." *Solis v. Sneed*, No. 11-mc-74, 2011 WL 4984927, at *2 (M.D. La. Oct. 19, 2011) (quoting *E.E.O.C. v. Konica Minolta Business Solutions, U.S.A., Inc.*, 639 F.3d 366 (7th Cir. 2011)).

The instant investigation is within the Secretary's authority. Pursuant to 29 U.S.C. § 1134(a)(1), the Secretary has the power, in order to determine whether any person has violated or is about to violate any provision of ERISA, to "make an investigation, and in connection therewith to require the submission of reports, books, and records, and the filing of data in support of any information required to be filed with the Secretary under [ERISA]."

The Subpoena is not too indefinite and seeks information relevant to the EBSA's investigation of BCBSLA. The Subpoena requests documents falling within ten specific

3

categories of information and does not seek information prior to March 23, 2010. As represented by the Secretary, the "Subpoena does not attempt to request detailed information on all of BCBSLA's members, and limits many requests to only information about four ERISA-covered members identified by their "MEMBER ID" and the "DATE OF SERVICE CLAIM" in the attachment to the Subpoena." (R. Doc. 1-1 at 4). The remaining requests appear to be limited to information that BCBSLA may easily obtaining regarding itself.

Finally, based on the court's review and the absence of any objections, the court concludes that the Subpoena seeks information relevant to EBSA's investigation into whether BCBSLA has violated the Health Insurance Portability & Accountability Act of 1996 and the Affordable Care Act. (R. Doc. 1 at 2-3).

Based on the foregoing, including the absence in the record to any objections to the Subpoena or opposition to the relief sought in the Petition, the court will order BCBSLA to fully comply with the terms of the Subpoena.

### B.     Equitable Tolling

The Secretary also seeks equitable tolling of the statute of limitations controlling ERISA actions in light of BCBSLA's "failure to produce documents that are relevant and material to the investigation." (R. Doc. 1-1 at 7). Section 413 of ERISA provides the following:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> **(1)** six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> **(2)** three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.  The Fifth Circuit has held that Section 413 of ERISA is a "statute of repose" and, therefore, its limitation periods serve "as an absolute barrier to an untimely suit" and "tolling does not apply" to the statute.  *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 400 (5th Cir. 1998).

The Secretary directs the court to Seventh Circuit decisions in which the doctrine of equitable tolling was applied in non-ERISA actions where agencies sought enforcement of administrative subpoenas prior to bringing a civil action.  *See E.E.O.C. v. O'Grady*, 857 F.2d 383 (7th Cir. 1988) (equitable tolling of Age Discrimination in Employment Act's 3-year limitations periods); *Brennan v. Indep. Lift Truck Builders Union*, 490 F.2d 213, 216 (7th Cir. 1974) (equitable tolling of 60-day limitations period to bring enforcement action pursuant to the Labor-Management Reporting and Disclosure Act of 1959).

Unlike in the foregoing actions, there is no civil action before the court in which the defendant has raised the affirmative defense that the action is barred by a statute of limitations and the plaintiff seeks application of the equitable tolling doctrine.  This is an administrative subpoena enforcement proceeding.  The court simply need not decide whether the instant subpoena enforcement proceeding would equitably toll a later-filed civil action brought by the Secretary against BCBSLA.[1]  That issue can be raised, if applicable, by the court addressing the merits of any such future action.

## III.   Conclusion

Based on the foregoing, the court will require BCBSLA to produce documents in response to the Subpoena, but will not issue any ruling regarding whether the doctrine of

---

[1] Likewise, the court need not evaluate the reasonableness of any delay between the filing of the instant petition and the initial response date (or extended dates) to comply with the subpoena.

equitable tolling would apply to any future action commenced by the Secretary against BCBSLA.

**IT IS ORDERED** that the Secretary's Petition is **GRANTED in part and DENIED in part**.  Respondent Louisiana Health Services & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana shall produce the documents requested in the Subpoena within **14 days** of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court **shall send** a copy of this Order on Charles Andrew O'Brien, counsel for Respondent Louisiana Health Services & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, by **certified mail and regular mail** at the following address:  Blue Cross and Blue Shield of Louisiana, Legal Affairs Department, 5525 Reitz Avenue, P.O. Box 98029, Baton Rouge, LA 70898-9029.

Signed in Baton Rouge, Louisiana, on September 15, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**